WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ramon Amaro,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Charles Ryan; et al.,<br><br>　　　　Respondents. | No. CIV-10-048-TUC-RCC (GEE)<br><br>**REPORT AND RECOMMENDATION** |

On January 21, 2010, Ramon Amaro, an inmate confined at the Arizona State Prison Complex in Florence, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2254. He filed an amended petition on March 17, 2010. (Doc. 5) Amaro claims his trial counsel was ineffective and counsel's erroneous advice prevented him from testifying on his own behalf. *Id.*

Pursuant to the Local Rules, this matter was referred to Magistrate Judge Edmonds for report and recommendation. *See* LRCiv. 72.1. The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order denying the Amended Petition for Writ of Habeas Corpus. Counsel was not ineffective, and Amaro's right-to-testify claim is procedurally defaulted.

//

//

Summary of the Case

On December 18, 2006, Amaro was convicted after a jury trial of one count of continuous sexual abuse of a child under fourteen, two counts of sexual conduct with a minor under fifteen, one count of sexual abuse of a minor under fifteen, and one count of furnishing obscene or harmful items to a minor. (Doc. 19, pp. 2-3) The trial court imposed a sentence of life imprisonment without parole for 35 years for the continuous sexual abuse count to run consecutively to terms of imprisonment for the remaining counts totaling 47.5 years. (Doc. 19, p. 7)

At the trial, the state presented evidence that Amaro molested two sisters, Vanessa and Sierra, who lived with their mother in the same trailer court as Amaro. (Doc. 19, pp. 2-7) Amaro was a family friend who became their "main grandfather figure." *Id.*, p. 3. The offenses came to light when Amaro mailed to a third sister, Stephanie, photographs of himself engaging in sexual intercourse with Vanessa. *Id.*, pp. 5-6. Police subsequently tape recorded a telephone conversation between Vanessa and Amaro. *Id.*, p. 6. In that conversation, Amaro admitted to sending the photographs and agreed that "it all started" when Vanessa "got back from Alaska." *Id.*, p. 6. Vanessa returned from her trip to Alaska when she was in the eighth grade. *Id.*, p. 4.

Amaro maintained at trial that the photographs were taken when Vanessa was 18 years old. *Id.*, p. 6. He argued that Vanessa's mother took them to the police because she was embarrassed and wanted to prevent him from possibly showing up at her older daughter's upcoming wedding where he might embarrass the family further. *Id.*, p. 28.

After the trial and sentencing, Amaro filed a timely notice of appeal. *Id.*, p. 7. Counsel filed an *Anders* brief informing the court that he could find no meritorious issues. *Id.* Amaro filed a supplemental brief pro se in which he gave a rambling account of his version of the events that led to his prosecution. (Doc. 19, Exhibit J) He made no specific reference to either state or federal law. *Id.* The court of appeals affirmed on May 8, 2008. *Id.*, p. 7.

Previously on April 22, 2008, Amaro filed a notice of post-conviction relief pursuant to Ariz. R. Crim. P. 32. *Id.*, p. 8. Amaro argued his trial counsel was ineffective because he

"failed to conduct witness interviews, file pretrial motions, or discuss the case with [Amaro], denying [him] his right to make reasonable decisions regarding the case." (Doc. 19, Exhibit M, p. 5) He further argued counsel failed to effectively advise him concerning the state's plea offer and was ineffective at the trial. (Doc. 19, Exhibit M) The trial court held an evidentiary hearing on July 14, 2008. (Doc. 19, p. 8) The trial court denied the petition on August 7, 2008. *Id.*, p. 10.

Amaro appealed arguing trial counsel was ineffective for failing to interview witnesses and file pretrial motions. (Doc. 19, Exhibit R, p. 7) He further argued counsel's advice to reject the plea offer was ineffective as was his advice that Amaro should not testify on his own behalf. (Doc. 19, Exhibit R, pp. 8-13) The Arizona Court of Appeals granted review but denied relief on April 30, 2009. *Id.*, Exhibit T.

Amaro filed several motions to extend the time to file a petition for review with the Arizona Supreme Court, but he ultimately failed to file a timely petition. (Doc. 19, p. 11) Amaro filed a late petition with the Arizona Supreme Court on November 18, 2009. *Id.* The court ordered the petition withdrawn and returned to the petitioner. *Id.*

On January 21, 2010, Amaro filed in this court a Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2254. He filed the instant amended petition on March 17, 2010. (Doc. 5) He claims (I) his "Sixth Amendment" rights were violated when trial counsel failed to (1) "investigate the case fully," (2) "interview witnesses," or (3) "consult with client about important decisions about the trial, evidence, or any proceedings pertaining to trial" and (II) his "Fourth Amendment" right to "Due Process" was violated by counsel's erroneous advice that he had a prior felony conviction for molestation that affected his right to testify on his own behalf and "left only one version of events . . . for the jury to judge the case upon." *Id.*

The respondents filed an answer on May 20, 2011. They concede the petition is timely but assert claims (I)(3) and (II) are procedurally defaulted. They argue the remaining claims should be denied on the merits. Amaro did not file a reply.

Discussion

The writ of habeas corpus affords relief to prisoners in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241. If the petitioner is in custody pursuant to the judgment of a state court, the writ will not be granted unless prior adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The petitioner must shoulder an additional burden if the state court considered the issues and made findings of fact.

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C.A. § 2254 (e)(1).

A decision is "contrary to" Supreme Court precedent if the "state court confronted a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrived at a result different from Supreme Court precedent." *Vlasak v. Superior Court of California ex rel. County of Los Angeles,* 329 F.3d 683, 687 (9th Cir. 2003). A decision is an "unreasonable application" if "the state court identified the correct legal principles, but applied those principles to the facts of [his] case in a way that was not only incorrect or clearly erroneous, but objectively unreasonable." *Id.* "It is not enough that our independent review of the legal question leaves us with a firm conviction that the state court decision was erroneous." *Id.* If the state court denied on the merits but did not explain its reasoning, this court must independently review the record to determine whether the state court clearly erred in its application of Supreme Court law. *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002), *cert. denied*, 539 U.S. 916 (2003). If the highest state court fails to explain its decision, this court looks to the last reasoned state court decision. *See Brown v. Palmateer,* 379

F.3d 1089, 1092 (9th Cir. 2004).

Federal review is limited to those issues that have already been fully presented to the state court. This so-called "exhaustion rule" reads in pertinent part as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State. . . .

28 U.S.C. § 2254(b)(1)(A). This rule permits the states "the initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971).

To be properly exhausted, the federal claim must be "fairly presented" to the state courts. *Picard v. Connor*, 404 U.S. 270, 275 (1971). In other words, the state courts must be apprised of the legal issue and given the first opportunity to rule on the merits. *Id.* at 275-76. Accordingly, the petitioner must "present the state courts with the same claim he urges upon the federal courts." *Id.* The state courts have been given a sufficient opportunity to hear an issue when the petitioner has presented the state court with the issue's factual and legal bases. *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999).

In addition, the petitioner must explicitly alert the state court that he is raising a federal constitutional claim. *Duncan v. Henry*, 513 U.S. 364, 366 (1995); *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), as modified 247 F.3d 904 (9th Cir. 2001); *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996). The petitioner must make the federal basis of the claim explicit either by citing specific provisions of federal law or federal case law, even if the federal basis of a claim is "self-evident," *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999), *cert. denied*, 528 U.S. 1087 (2000), or by citing state cases that explicitly analyze the same federal constitutional claim, *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

If the petitioner is in custody pursuant to a judgment imposed by the State of Arizona, he must present his claims to the state appellate court for review. *Swoopes v. Sublett*, 196 F.3d 1008 (9th Cir. 1999), *cert. denied*, 529 U.S. 1124 (2000). If state remedies have not been exhausted, the petition may not be granted and should ordinarily be dismissed. *See Johnson v.*

*Lewis*, 929 F.2d 460, 463 (9th Cir. 1991). In the alternative, the court has the authority to deny on the merits rather than dismiss for failure to exhaust. 28 U.S.C. § 2254(b)(2).

A claim is "procedurally defaulted" if the state court declined to address the issue on the merits for procedural reasons. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002). Procedural default also occurs if the claim was not fairly presented to the state court and it is clear the state would now refuse to address the merits of the claim for procedural reasons. *Id.* A claim that is procedurally defaulted must be denied unless the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

Discussion: Claims (I)(1,2)

Amaro claims his "Sixth Amendment" rights were violated when trial counsel failed to (1) "investigate the case fully" and (2) "interview witnesses." (Doc. 5) The respondents concede these claims were properly exhausted. They nevertheless urge the court to deny the claims on the merits.

These issues were raised in Amaro's Rule 32 post-conviction relief petition and denied by the trial court. The court of appeals affirmed without analysis. Accordingly, this court looks to the reasoning offered by the state trial court on these issues. *See Brown v. Palmateer*, 379 F.3d 1089, 1092 (9th Cir. 2004) (If the highest state court fails to explain its decision, this court looks to the last reasoned state court decision.).

"The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel." *Luna v. Cambra*, 306 F.3d 954, 961(9th Cir. 2002), reissued as amended, 311 F.3d 928 (9th Cir. 2002) (quoting *Strickland v. Washington*, 466 U.S. 668 (1984)). Habeas relief, however, is available only if "counsel's performance was deficient" and the "deficient performance prejudiced the defense." *Id.* To show prejudice, the petitioner "must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different." *Id.* "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Because Amaro challenges his conviction, he must show "there is a reasonable probability that, absent the errors, the fact finder would have had a reasonable doubt respecting guilt." *Id.*

"Judicial scrutiny of counsel's performance must be highly deferential." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal citation omitted).

At the Rule 32 hearing, Amaro's trial counsel explained that he interviewed all the potential defense witnesses suggested by Amaro with the exception of a husband and wife that he was unable to locate. (Doc.19, Exhibit Q) On the other hand, counsel spoke with only one of the state's witnesses, a detective, choosing instead to rely on the disclosure supplied to him. *Id.* He was, of course, precluded from interviewing the two alleged victims. *Id.*

Amaro did not provide an expert opinion suggesting trial counsel's performance was deficient. He did not suggest what trial counsel might have learned had he conducted more witness interviews or what else he should have done to prepare for trial. On this record, the trial court concluded that trial counsel was not ineffective. *Id.* His performance was not deficient and Amaro was not prejudiced by his performance. *Id.*

The trial court's decision was neither contrary to nor an unreasonable application of clearly established Federal law. Putting aside the issue of counsel's performance, Amaro offers no evidence at all that counsel's allegedly deficient performance affected the outcome of the case. Accordingly counsel was not ineffective, and the decision of the state court was not unreasonable. This claim should be denied on the merits. *See, e.g., Crisp v. Duckworth*, 743

F.2d 580, 584 (7th Cir. 1984) ("Though we conclude that it would have been prudent for [defense counsel] to interview [the prosecution witnesses], Crisp has not demonstrated that conducting personal interviews would have yielded different testimony or cross-examination in this particular case, and therefore has not shown any prejudice.").

Discussion: Claim (I)(3)

Amaro argues his "Sixth Amendment" rights were violated when trial counsel failed to "consult with client about important decisions about the trial, evidence, or any proceedings pertaining to trial." (Doc. 5) The respondents argue this claim was not properly exhausted and is now procedurally defaulted. They are correct.

This claim appears in Amaro's Rule 32 petition for post-conviction relief but it was not included in his appeal. Accordingly, it was not properly exhausted. *See Swoopes v. Sublett*, 196 F.3d 1008 (9th Cir. 1999), *cert. denied*, 529 U.S. 1124 (2000) (If the petitioner is in custody pursuant to a judgment imposed by the State of Arizona, he must present his claims to the state appellate court for review.).

Barring special circumstances, the Arizona post-conviction relief process allows for only one Rule 32 petition. *See* Ariz.R.Crim.P. 32.2, 32.9. Accordingly, Amaro cannot return to the state court and raise this issue in a subsequent Rule 32 petition. *Id.* His claims are procedurally defaulted. Amaro does not argue cause and prejudice or raise the miscarriage of justice exception. *See Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). This claim must be dismissed.

Discussion: Claim II

Amaro argues his "Fourth Amendment" right to "Due Process" was violated by counsel's erroneous advice that he had a prior felony conviction for molestation that prevented him from testifying on his own behalf and "left only one version of events . . . for the jury to judge the case upon." (Doc. 5) The respondents argue this claim was not properly exhausted and is now procedurally defaulted. They are correct.

"As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state court . . . in the manner required by the state courts, thereby affording the state courts a meaningful opportunity to consider allegations of legal error." *Casey v. Moore*, 386 F.3d 896, 915 -916 (9th Cir. 2004) (punctuation modified). Each claim must be raised at every level of the review process, "not just at the tail end in a prayer for discretionary review." *Id.* A claim raised for the first time on discretionary review is not fairly presented. *Id.* at 918.

In this case, Amaro presented claim (II) for the first time in his appeal from the trial court's denial of his Rule 32 petition for post-conviction relief. It was not included in his original Rule 32 petition. Appeal from a Rule 32 denial, however, is discretionary. Ariz.R.Crim.P. 32.9(f). Amaro raised his claim for the first time in a petition for discretionary review. Amaro therefore did not fairly present his claim. *See, e.g., Martin v. Rider*, 2009 WL 151170, *10 (D.Ariz. 2009).

In the alternative, the court finds that Amaro failed to fairly present his claim because he did not apprise the state court of the federal basis for his claim. In the instant petition, Amaro claims that his "Fourth Amendment" and "Due process" rights were violated when counsel's erroneous advice that he had a prior felony conviction for molestation prevented him from testifying on his own behalf. *See Rock v. Arkansas*, 483 U.S. 44, 52-52, 107 S.Ct. 2704, 2709-10 (1987) (holding that the defendant's right to testify is rooted in the Due Process Clause of the Fourteenth Amendment, the Compulsory Process Clause of the Sixth Amendment, the Sixth Amendment right to conduct one's own defense and the Fifth Amendment's guarantee against compelled testimony). In his appeal, however, Amaro did not inform the state court that he was asserting a violation of this federal right. He stated only that his counsel was ineffective in violation of the Sixth Amendment and that counsel's poor advice caused him to involuntarily waive a fundamental right in violation of state law citing *State v. Draper*, 162 Ariz. 433, 438, 784 P.2d 259, 264 (1989). (Doc. 19, Exhibit R, p. 10) The Sixth Amendment's right to counsel, however, does not encompass the right to testify on one's own behalf. Amaro's reference to this clause does not constitute fair presentation of his federal right to testify on his

own behalf. *Draper* holds that under certain circumstances a defendant "can voluntarily and intelligently forgo the right to interview the victim as part of a plea agreement with the state." *Draper*, 162 Ariz at 435, 784 P.2d at 261. Draper likewise does not fairly present the nature of his federal claim. Neither of these references apprises the state court of his federal constitutional claim. Accordingly, he did not fairly present this issue below. *See Anderson v. Harless,* 459 U.S. 4, 6, 103 S.Ct. 276, 277 (1982) ("It is not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made.); *see, e.g., Picard v. Connor*, 404 U.S. 270, 276-77, 92 S.Ct. 509, 513 (1971) (Petitioner's Fourteenth Amendment equal protection claim was not exhausted by his Fourteenth Amendment grand jury presentation claim.); *Rose v. Palmateer*, 395 F.3d 1108, 1112 (9th Cir. 2005) ("Here, although Rose's Fifth Amendment claim is related to his claim of ineffective assistance, he did not fairly present the Fifth Amendment claim to the state courts when he merely discussed it as one of several issues which were handled ineffectively by his trial and appellate counsel."), *cert. denied*, 545 U.S. 1144, 125 S.Ct. 2971 (2005).

Moreover, Amaro cannot return to the state court and raise this issue in a subsequent Rule 32 petition. Ariz.R.Crim.P. 32.2, 32.9. His claim is procedurally defaulted. Amaro does not argue cause and prejudice or raise the miscarriage of justice exception. *See Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). This claim must be dismissed.

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order DENYING the Amended Petition for Writ of Habeas Corpus. (Doc. 5)

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation. If objections are not timely filed, the party's right to de novo review may be waived. *See U. S. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc), *cert. denied*, 540 U.S. 900 (2003).

The Clerk is directed to send a copy of this report and recommendation to the petitioner and the respondents.

DATED this 12th day of July, 2011.

Glenda E. Edmonds
United States Magistrate Judge