1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT
7                       FOR THE DISTRICT OF ARIZONA
8
9    Ramon Amaro ,                        )    No. 10-CV-48-TUC-RCC
                                          )
10              Petitioner,               )    **ORDER**
                                          )
11   vs.                                  )
                                          )
12                                        )
     Charles Ryan, et al.,                )
13                                        )
                Respondents.              )
14                                        )
                                          )
15   _____  )
16         Before the Court is the July 12, 2011, Report and Recommendation (R&R) from
17   Magistrate Judge Glenda Edmonds (Doc. 20) recommending that this court deny Petitioner's
18   Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 5).
19   Petitioner timely filed objections to the R&R (Doc. 23), and the objections have been fully
20   briefed.  For the following reasons, this court will adopt the R&R.
21   **I.    BACKGROUND**
22         The factual and procedural background in this case is thoroughly detailed in
23   Magistrate Judge Edmonds's R & R (Doc. 20).  This Court fully incorporates by reference
24   the Background section of the R & R into this Order.  As such, the Court will not repeat that
25   entire discussion. Rather, the relevant facts and law will be addressed only to the extent
26   necessary to resolve the specific objections filed by the parties.
27   **II.   LEGAL STANDARD**
28         The duties of the district court in connection with a R&R are set forth in Rule 72

1    of the Federal Rules of Civil Procedure and 28 U .S.C. § 636(b)(1). The district court may

2    "accept, reject, or modify the recommended disposition; receive further evidence; or

3    return the matter to the magistrate judge with instructions. FED.R.CIV.P. 72(b)(3); 28

4    U.S.C. § 636(b)(1). The Court will not disturb a Magistrate Judge's Order unless his

5    factual findings are clearly erroneous or his legal conclusions are contrary to law. 28

6    U.S.C. § 636(b)(1)(A). "[T]he magistrate judge's decision ... is entitled to great deference

7    by the district court." *United States v. Abonce-Barrera,* 257 F.3d 959, 969 (9th Cir.2001).

8     Where the parties object to a R&R, "[a] judge of the [district] court shall make a *de novo*

9    determination of those portions of the [R&R] to which objection is made." 28 U.S.C. §

10   636(b)(1); *see Thomas v. Arn,* 474 U.S. 140, 149-50 (1985). When no objection is filed,

11   the district court need not review the R&R *de novo. Wang v. Masaitis,* 416 F.3d 992,

12   1000 n. 13 (9th Cir. 2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th

13   Cir. 2003) (en banc).

14   **III.   DISCUSSION**

15          In the R&R, Magistrate Judge Edmonds concluded that Petitioner's Sixth Amendment

16   claim that trial counsel failed to consult with him, and his Fourth Amendment/Due Process

17   claim based on trial counsel's alleged erroneous advice regarding a prior felony conviction

18   were both procedurally barred because Petitioner did not exhaust these claims in state court

19   and Petitioner failed to demonstrate "cause and prejudice" or a "fundamental miscarriage of

20   justice" to excuse the default. The R&R recommended that Petitioner's claims that were not

21   procedurally barred be denied on the merits because the trial court's decision was neither

22   contrary to nor an unreasonable application of clearly established Federal law and because

23   Petitioner failed to show that trial counsel's alleged deficient performance affected the

24   outcome of his trial.

25          Petitioner filed a Motion to Continue or Set Free of All Charges on Septmeber 22,

26   2011, in which Petitioner states that he is "fileing [sic] an objection the R&R, of this Court

27   to deny Petitioner's Petition for Writ of Habeas Corpus." (Doc. 23, p. 2). The Court will

28   therefore construe this motion as Petitioner's objections to the R&R. In this objection,

1    Petitioner failed to object to any of the Magistrate's specific findings or recommendations
2    in the R&R.  Instead, Petitioner restated his arguments concerning his trial attorney's
3    allegedly deficient performance and illegal conduct and accused the victims and witnesses
4    who testified at his trial of lying during their testimony.  Petitioner did not address the issues
5    of procedural default or exhaustion of state remedies in his objections, nor did he state how
6    his trial attorney's alleged deficient performance affected the outcome of his trial.  Moreover,
7    a review of Petitioner's objections shows that Petitioner failed to identify any flaws
8    whatsoever in the R&R's citation to legal authority, discussion of the pertinent facts,
9    reasoning, and ultimate conclusion regarding Petitioner's habeas petition.  If a party has
10   objections to a R&R, those specific objections must be filed in writing explaining why the
11   R&R is flawed. Petitioner's objections merely incorporate the same arguments he made in
12   his original petition and reply.  Magistrate Judge Edmonds has already addressed the issues
13   raised in the petition.  Merely reasserting the grounds of the petition as an objection provides
14   this Court with no guidance as to what portions of the R&R Petitioner considers to be
15   incorrect.  As such, the Court will deem Petitioner's objections, which are mere recitations
16   of earlier arguments, ineffective.  *See* Fed.R.Civ.P. 72(b)(2) (stating that a district judge
17   "shall make a de novo determination . . . of any portion of the magistrate judge's disposition
18   to which *specific written objection* has been made[.]") (emphasis added).

19        Therefore, to the extent that no objection has been made, arguments to the contrary
20   have been waived. *McCall v. Andrus,* 628 F.2d 1185, 1187 (9th Cir.1980) (failure to object
21   to Magistrate's report waives right to do so on appeal); *see also,* Advisory Committee Notes
22   to Fed.R.Civ.P. 72 (citing *Campbell v. United States Dist. Court,* 501 F.2d 196, 206 (9th
23   Cir.1974) (when no timely objection is filed, the court need only satisfy itself that there is no
24   clear error on the face of the record in order to accept the recommendation).  This Court
25   considers the R&R to be thorough and well-reasoned and agrees that Petitioner has failed to
26   show how he was prejudiced by his trial attorney's alleged deficient performance.

27        The Court is relieved of any obligation to review a general objection to the R&R. *See*
28   *Thomas v. Arn*, 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985) ("[Section

1   636(b)(1) ] does not ... require any review at all ... of any issue that is not the subject of an

2   objection."); Fed.R.Civ.P. 72(b)(3) ("The district judge must determine de novo any part of

3   the magistrate judge's disposition that has been *properly objected to*.") (emphasis added).

4   After a thorough and de novo review of the record, the Court will adopt the R&R of

5   Magistrate Judge Edmonds (Doc. 20).

6   **IV.    CERTIFICATE OF APPEALABILITY**

7           Before Petitioner can appeal this Court's judgment, a certificate of appealability must

8   issue.   *See* 28 U.S.C. § 2253(c); Fed.R.App. P. 22(b)(1).   Federal Rule of Appellate

9   Procedure 22(b) requires the district court that rendered a judgment denying a petition made

10  pursuant to 28 U.S.C. § 2254 to "either issue a certificate of appealability or state why a

11  certificate should not issue."  Additionally, 28 U.S.C. § 2253(c)(2) provides that a certificate

12  may issue "only if the applicant has made a substantial showing of the denial of a

13  constitutional right."  In the certificate, the court must indicate which specific issues satisfy

14  this showing. *See* 28 U.S.C. § 2253(c)(3).   A substantial showing is made when the

15  resolution of an issue of appeal is debatable among reasonable jurists, if courts could resolve

16  the issues differently, or if the issue deserves further proceedings.  *See Slack v. McDaniel*,

17  529 U.S. 473, 484–85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).  Upon review of the record,

18  and in light of the standards for granting a certificate of appealability, the Court concludes

19  that a certificate shall not issue as the resolution of the petition is not debatable among

20  reasonable jurists and does not deserve further proceedings.  Accordingly,

21          **IT IS ORDERED:**

22          (1)    Magistrate Judge Edmonds's Report and Recommendation (Doc. 20) is hereby

23                 **ACCEPTED** and **ADOPTED** as the findings of fact and conclusions of law

24                 by this Court.

25          (2)    **Denying** Petitioner's Motion to Continue or Set Free of All Charges (Doc. 23).

26          (3)    **Denying** Petitioner's Motion to Request Disallowance (Doc. 28).

27          (4)    Petitioner's Petition for Writ of Habeas Corpus (Doc.  5) is **dismissed with**

28                 **prejudice**.  The Clerk of the Court shall enter judgment accordingly and close

1    this case.

2    (5)    This Court declines to issue a Certificate of Appealability.

3    DATED this 4th day of January, 2012.

4

5

6    _____

7    Raner C. Collins
     United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28